IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHROME HEARTS LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>               Defendants. | Case No. 21-cv-02042<br><br>**Judge Gary Feinerman**<br><br>**Magistrate Judge Heather K. McShain** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

    Plaintiff Chrome Hearts LLC ("Plaintiff" or "Chrome Hearts") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

I.     **INTRODUCTION**

Plaintiff Chrome Hearts LLC ("Chrome Hearts") brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I) and false designation of origin (Count II). As alleged in Chrome Hearts' Complaint [1], the Defendants are promoting, advertising, distributing, offering for sale, and selling unauthorized and unlicensed products using infringing and counterfeit versions of Chrome Hearts' federally registered trademarks (collectively, the "Counterfeit Chrome Hearts Products") through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases").

II.     **STATEMENT OF FACTS**

On April 23, 2021, this Court granted Chrome Hearts' *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [25]. The TRO authorized Chrome Hearts to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website to which the Domain Names which are transferred to Chrome Hearts' control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibits 5 and 6 to the Declaration of Mario Lejtman and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [25] at ¶ 9. Since and pursuant to entry of the TRO, financial accounts associated with the Seller Aliases have been frozen. *See* Declaration of Justin

---

[1] The e-commerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces and Domain Names.

R. Gaudio at ¶ 2. In addition, Plaintiff is in the process of requesting transfer of the Domain Names. *Id*.

Chrome Hearts respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the distribution, marketing, advertising, offering for sale, and sale of Counterfeit Chrome Hearts Products during the pendency of this litigation. As part of the Preliminary Injunction, Chrome Hearts requests that the Domain Names remain in Chrome Hearts' control and that Defendants' financial accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Chrome Hearts respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

##### i. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the

2

balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

ii. <u>The Equitable Relief Sought Remains Appropriate</u>

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

1. *The Domain Name Transfer Order Remains Appropriate*

Chrome Hearts seeks conversion of the TRO issued by this Court on April 23, 2021, allowing Plaintiff to retain control of the Domain Names until the completion of these proceedings. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit Chrome Hearts Products and to provide notice to Defendants regarding these proceedings, Chrome Hearts' respectfully request that the injunctive relief already awarded be extended through the pendency of this case.

2. *The Asset Restraining Order Remains Appropriate*

Chrome Hearts also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Since entry of the TRO, PayPal, Inc. ("PayPal"), Amazon.com, Inc. and Alipay have provided Plaintiff with information, including the identification of financial accounts linked to the Seller Aliases which were offering for sale and/or selling Counterfeit Chrome Hearts Products. In the absence of a preliminary injunction, Defendants may attempt to transfer assets to off-shore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Chrome Hearts is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Chrome Hearts' prayer for relief requests statutory damages of $2 million from each Defendant. [1]. In addition, and as established in Chrome Hearts' TRO Memorandum [10], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

### III. CONCLUSION

In view of the foregoing, Chrome Hearts respectfully requests that this Court enter the preliminary injunction.

Dated this 18th day of May 2021.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Justin R. Gaudio
　　　　　　　　　　　　　　　　　　Amy C. Ziegler
　　　　　　　　　　　　　　　　　　Justin R. Gaudio
　　　　　　　　　　　　　　　　　　Jake M. Christensen
　　　　　　　　　　　　　　　　　　Martin F. Trainor
　　　　　　　　　　　　　　　　　　Greer, Burns & Crain, Ltd.
　　　　　　　　　　　　　　　　　　300 South Wacker Drive, Suite 2500
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　312.360.0080 / 312.360.9315 (facsimile)
　　　　　　　　　　　　　　　　　　aziegler@gbc.law
　　　　　　　　　　　　　　　　　　jgaudio@gbc.law
　　　　　　　　　　　　　　　　　　jchristensen@gbc.law
　　　　　　　　　　　　　　　　　　mtrainor@gbc.law

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Chrome Hearts LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 18th day of May 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Domain Names that have been transferred to Chrome Hearts' control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 5 and 6 to the Declaration of Mario Lejtman and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

                                           /s/ Justin R. Gaudio
                                           Amy C. Ziegler
                                           Justin R. Gaudio
                                           Jake M. Christensen
                                           Martin F. Trainor
                                           Greer, Burns & Crain, Ltd.
                                           300 South Wacker Drive, Suite 2500
                                           Chicago, Illinois 60606
                                           312.360.0080 / 312.360.9315 (facsimile)
                                           aziegler@gbc.law
                                           jgaudio@gbc.law
                                           jchristensen@gbc.law
                                           mtrainor@gbc.law

                                           *Counsel for Plaintiff Chrome Hearts LLC*